UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMBER SCOTT | CIVIL ACTION |
| VERSUS | NO: 18-8175 |
| MANDEVILLE CITY ET AL. | SECTION: "H" |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Doc. 32). The Court held oral argument on the Motion on May 1, 2019. For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Amber Scott filed suit against Defendants alleging that she and her minor children suffered physical and emotional injuries when she was pulled over, detained, and arrested for driving while intoxicated. She asserts claims under 42 U.S.C. § 1983 for excessive force and false arrest, claims under 42 U.S.C. § 1985 and § 1986 for conspiracy, claims of vicarious liability, and state law claims.

Defendants bringing the instant Motion are the Greater New Orleans Expressway Commission (the "GNOEC"), the Causeway Police Department, the Chief of the Causeway Police Nick Congemi, and Officer Scott Huff (collectively, the "Causeway Defendants" or "Defendants"). Initially, the Causeway Defendants filed the Motion as a motion to dismiss, seeking

dismissal on the basis of qualified immunity and failure to state a claim. At oral argument, Plaintiff averred that a certain video of the incident would show that her claims have merit. Accordingly, after considering the evidence, the Court converted the Motion into a motion for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

### I. Plaintiff's False Arrest Claim

To prevail on a false arrest claim, a plaintiff must show that the officer did not have probable cause to arrest her.[9] Defendants move the Court to grant summary judgment, arguing that the officers had probable cause to arrest Scott for driving while intoxicated. "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[10] Whether probable cause exists is judged based on the facts and circumstances within a police officer's knowledge at the moment of arrest.[11]

Defendants submitted an audio recording of the 911 call that prompted the officers to pull over Plaintiff. The caller, Robert Austin, described a "really intoxicated driver" who is "all over the road." He said the situation was "very stressful." In another one of the recordings submitted by Defendants, Austin

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Evans v. City of Meridian Mississippi, 630 Fed. App'x 312, 315 (5th Cir. 2015).
[10] Piazza v. Mayne, 217 F.3d 239, 245 (5th Cir. 2000) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).
[11] Haggerty v. Texas Southern University, 391 F.3d 653, 655–56 (5th Cir. 2004).

tells Officer Guidry that the driver "almost took out two cars" and was going from "lane to lane." Austin can be heard saying "she almost hit me and I think we saved her life and a couple other people's lives tonight."

The videos further show that Plaintiff's behavior was erratic and that she was slurring her speech. One of the officers says Plaintiff told him she was taking anti-depressants. He says that this could be the reason for her impairment but that they needed a urinalysis. Plaintiff was not cooperative and refused both a urinalysis and a blood test. The evidence shows that the officers conducted certain "drug recognition testing" and that she demonstrated "lack of convergence" and had "swaying balance during testing," both of which suggested impairment.

In her opposition, Plaintiff provides no evidence to contradict that she was slurring and behaving erratically. She does not dispute Defendants' facts regarding her "lack of convergence" and "swaying balance during testing." Plaintiff instead focuses on convincing the Court that the officers made inconsistent statements about whether she passed a certain sobriety test called the Horizontal Gaze Nystagmus test. Even if this is true, the other facts and circumstances established by Defendants are enough to create probable cause and warrant summary judgment on Plaintiff's false arrest claim.

## II. Plaintiff's Excessive Force Claim

To prevail on a § 1983 claim for excessive force, the plaintiff must present evidence to support the following elements: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[12] "[A]n injury is generally legally cognizable when it results from a degree of force that is constitutionally

---

[12] Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004).

impermissible—that is, objectively unreasonable under the circumstances."[13] In determining the objective reasonableness of the force, a court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[14]

Defendants argue that the method employed by the officers in handcuffing Plaintiff is a standard way to perform an arrest. Case law confirms this, stating: "The evidence, in the light most favorable to plaintiff, shows that Sgt. Farrell grabbed plaintiff's arm, twisted it around plaintiff's back, jerking it up high to the shoulder and then handcuffed plaintiff as plaintiff fell to his knees screaming that Farrell was hurting him. . . . The handcuffing technique used by Sgt. Farrell is a relatively common and ordinarily accepted non-excessive way to detain an arrestee."[15] The video of Plaintiff's arrest shows that Defendants acted reasonably and without using excessive force. These officers took a great deal of time with Plaintiff and seemed concerned about her children. Plaintiff asserts that a trier of fact could watch the videos of the incident and determine that the force used was excessive. The Court disagrees. Plaintiff has provided no evidence upon which a reasonable juror could base such a finding. Because Plaintiff cannot create an issue of fact on this element, she cannot prevail on this claim.

### III. §§ 1985 and 1986 Claims

Plaintiff's Complaint references §§ 1985 and 1986. These statutes involve conspiracies to interfere with civil rights.[16] Section 1985 prohibits (1)

---

[13] Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008).
[14] Graham v. Connor, 490 U.S. 386, 396 (1989).
[15] Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002).
[16] 42 U.S.C. §§ 1985, 1986.

preventing an officer from performing his or her duties; (2) obstructing justice and intimidating a party, witness, or juror; and (3) depriving persons of rights or privileges.[17] The Court assumes that Plaintiff's claim is under § 1985(3).

To prevail on a § 1985(3) claim, a plaintiff must present sufficient evidence showing that the defendants "conspired or otherwise agreed to deprive him of his rights."[18] Additionally, the plaintiff must show that the conspiracy was motivated either by racial or another impermissible class-based animus.[19] To prevail on a § 1986 claim, a plaintiff must show that a person with knowledge of the wrongs committed in violation of § 1985 neglected to prevent the commission of the violation.[20]

To support these claims, Plaintiff points to the officers' inconsistent statements regarding whether she passed the Horizontal Gaze Nystagmus test. Based on the alleged inconsistencies, Plaintiff broadly claims that "the officers involved prepared reports which are inconsistent with their observations and statements at the scene." Plaintiff notes that on one video, Officer Guillory notices the camera and comments, "It didn't see," to which Officer Huff replies, "No, they're not going to see shit."

One inconsistency is not enough to create an issue of fact on these claims. Given that the videos show Plaintiff slurring and behaving erratically, the evidence otherwise suggests that the officers' descriptions of her impairment were consistent with their observations at the scene and that there was no conspiracy to commit wrongful conduct. Lastly, Plaintiff neither alleges nor presents any evidence that any alleged conspiracy here was motivated by race

---

[17] 42 U.S.C. § 1985.
[18] Jackson v. Biedenharn, 429 Fed. Appx. 369, 372 (5th Cir. 2011) (citing Crowe v. Lucas, 595 F.2d 985, 993 (5th Cir. 1979)).
[19] *See* Anderson v. City of Dallas, 116 Fed. App'x 19, 32 (5th Cir. 2004); Stringer v. McDaniels, 64 Fed. App'x 416 (5th Cir. 2003);
[20] *See* 42 U.S.C. § 1986.

or another class-based animus.[21] Accordingly, Defendants are entitled to summary judgment on these claims.

## IV. Allegations against Nick Congemi and GNOEC

Plaintiff asserts that she has brought § 1983 claims against Congemi and GNOEC for their failure to adequately train, hire, supervise, reprimand, investigate the incident, and enact proper procedures. "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[22] An official policy can arise in various forms and may arise in the form of "a widespread practice that is so 'common and well-settled as to constitute a custom that fairly represents municipal policy.'"[23] "[A] plaintiff must demonstrate 'a pattern of abuses that transcends the error made in a single case.'"[24] "A pattern . . . requires 'sufficiently numerous prior incidents,' as opposed to 'isolated instances.'"[25]

Plaintiff does not identify any official or specific policy in her Complaint or in her supplemental briefing opposing summary judgment. Instead, Plaintiff vaguely states that "the evidence and statements on the tapes, combined with the contradictory statements made in the defendant officers' reports, support Ms. Scott's claims regarding the inadequate training of the defendant officers by the municipal defendants." Plaintiff has failed to provide evidence of any kind of pattern of constitutional violations by the employees of Defendants.

---

[21] *See* Thompson v. Hamp, 2017 WL 637918, at *4 (N.D. Miss. Feb. 17, 2017) (dismissing claims on summary judgment where plaintiff failed to produce evidence of conspiracy or alleged conspirators' motivations).
[22] Peterson v. City of Fort Worth, Tex., 588 F.3d 838, 847 (5th Cir. 2009).
[23] Pitroswki v. City of Houston, 237 F.3d 567, 579 (5th Cir. 2001) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).
[24] *Peterson*, 588 F.3d at 850–51.
[25] *Id.* at 851 (quoting McConney v. City of Houston, 863 F.2d 1180, 1184 (5th Cir. 1989)).

She provides nothing in her summary judgment briefing about prior incidents of wrongful conduct. Plaintiff points only to this one isolated instance. Accordingly, Plaintiff cannot prevail on her municipal liability claim under § 1983 against Congemi or GNOEC.

V. **State Law Claims**

Plaintiff asserts state law negligence claims against Defendants. Plaintiff's negligence claims are subject to Louisiana's duty/risk analysis, which has five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard; (2) whether the defendant's conduct failed to conform to the appropriate standard; (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures; (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) whether the plaintiff was damaged.[26] A police officer has a duty to act reasonably under the totality of the circumstances.[27]

Plaintiff's summary judgment briefing provides no evidence to create an issue of fact on whether the officers acted reasonably under the circumstances. She provides only recordings of the incident which, as discussed above, show no wrongful conduct by Defendants. Accordingly, her negligence claims cannot survive summary judgment.[28]

---

[26] Elphage v. Gautreaux, 969 F. Supp. 2d 493, 516 (M.D. La. 2013) (citing Hanks v. Entergy Corp., 944 So.2d 564, 579 (La.2006)).
[27] *Id.* (citing Mathieu v. Imperial Toy Corp., 646 So.2d 318, 322–23 (La.1994)).
[28] *See id.* (dismissing negligence claims against officers noting that there were no genuine issues of material fact regarding whether deputies who detained plaintiff acted reasonably under the circumstances).

## VI. Respondeat Superior Allegations Against GNOEC

Defendants argue, and Plaintiff admits, that GNOEC cannot be liable under the doctrine of respondeat superior for Plaintiff's federal claims. Indeed, "[i]t is well-established that a city is not liable under § 1983 on the theory of respondeat superior."[29] Plaintiff argues, however, that GNOEC can be vicariously liable for Huff's actions under state law. Because Plaintiff's state law claims are being dismissed, any vicarious liability claims based on them necessarily fail.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 32) is **GRANTED**. Plaintiff's claims against the Greater New Orleans Expressway Commission, the Causeway Police Department, the Chief of the Causeway Police Nick Congemi, and Officer Scott Huff are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 26th day of July, 2019.

*(signature)*

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[29] *Peterson*, 588 F.3d at 847.